RECEIVED
MAR 21 2014
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | | |
|---|---|---|
| Gustavo Romanello | ) | |
| | ) | |
| Vs. | ) | Case No. 5:14-CV-178-H |
| | ) | JURY TRIAL DEMANDED |
| BankUnited, N.A. | ) | |

COMPLAINT FOR VIOLATIONS OF THE F.C.R.A. 15 U.S.C. sec. 1681 et seq.

JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. sec. 1681p of the Fair Credit Reporting Act (hereinafter "FCRA"), and 28 U.S.C. sec. 1331
2. Venue is proper in the Eastern District of North Carolina.
3. The occurrences which give rise to this action occurred in Wake County, NC and Plaintiff resides in Knightdale, Wake County, N.C.

PARTIES

4. Gustavo Romanello (hereinafter "Plaintiff") is a natural person and is a resident of North Carolina.
5. BankUnited, N.A. (hereinafter "BU") is, upon information and belief, a corporation with address at 7815 NW 148th St., Miami Lakes, FL 33016

FACTUAL ALLEGATIONS

6. Plaintiff sent a letter to credit report agency Experian on February, 2012, disputing many entries he saw in his credit report of 06/28/2011,see Exh. A

7. On March 23rd, 2012 Plaintiff received the reinvestigation response letter from Experian, and discovered violations by Defendant BU in the form of inquiries deleted, an admission of not having a permissible purpose.
8. The consumer credit reports deleted were from 02/18/2011 by Credco on behalf of BankUnited and 03/18/2011 by Credco/BankUnited, see Exh. B.
9. They were done while in litigation, during foreclosure proceedings against Plaintiff's home.
10. Subsequent credit reports showed Plaintiff that Defendant continued obtaining his consumer credit reports while in litigation, without a permissible purpose, in a clear violation of his rights and the FCRA 15 U.S.C. sec. 1681b, thereby reducing his credit score.
11. BU obtained from Experian the 09/21/2011, 04/11/2012 and the 10/09/2012 consumer reports without a permissible purpose, see Exh. C
12. Plaintiff realized that BU also acquired his credit report on the same day of February 18, 2011, from credit reporting agencies Equifax, Experian and TransUnion, see Exh. A, D, E.
13. 15 U.S.C. sec. 1681 s-2(b) states, "Duties of furnishers of information upon notice of dispute. (1) In general. After receiving notice pursuant to section 1681i(a)(2) [sec. 611(a)(2)] of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall:...(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly:...(ii) delete that item of information..."
14. Discovery of the violations brought forth herein occurred on March 23rd, 2012 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. sec. 1681p.

## CLAIM FOR RELIEF

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. sec. 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT BANKUNITED, NA

15. Plaintiff realleges above paragraphs incorporated herein by reference.
16. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. sec. 1681a(c).
17. Equifax, Experian and TransUnion are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. sec. 1681a(f).
18. BU is a furnisher of information within the meaning of the FCRA, 15 U.S.C. sec. 1681s-2
19. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. sec. 1681a(d).
20. The FCRA, 15 U.S.C. sec. 1681b defines the permissible purposes for which a person may obtain a consumer credit report.
21. Such permissible purposes are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer or is offered a bona fide offer of credit as a result of the inquiry.
22. Obtaining the consumer credit reports of Plaintiff under false pretenses, with no permissible purpose while on litigation, is a willful violation by BU of the FCRA 15 U.S.C. sec. 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against BU for statutory damages of $1,000 per violation, and punitive damages, attorney's fees and costs pursuant to 15 U.S.C. sec. 1681n

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

March 20, 2014

Respectfully submitted,

*[signature: Gustavo Romanello]*

Gustavo Romanello

5317 Cottage Bluff Ln.

Knightdale, NC 27545

Ph.# 919-649-4494

tangogaucho@gmail.com

# VERIFICATION

The undersigned verify, under penalty of perjury, that they have reviewed the aforementioned COMPLAINT and assert that the allegations therein are true and based on personal knowledge or averred based on information and belief that the same are true.

This the 20 day of March, 2014

_Gustavo Romanello_

Gustavo Romanello

NOTARY PUBLIC

Sworn to and subscribed:

Gustavo Ramanello

My Commission expires:

March 25 2017

State of NC County of Wake
Subscribed and sworn before me on 3/20/14
(Date)
(Notary Signature)

JACULYNNE MAY
NOTARY PUBLIC
WAKE COUNTY, NC
MY COMMISSION EXPIRES MARCH 25, 2017