UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | | |
|---|---|---|
| Gustavo Romanello | ) | |
| | ) | |
| Vs. | ) | Case No. 5:14 cv 178-H |
| | ) | |
| BankUnited, N.A. | ) | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

To this Court's Honorable United States District Judge:

COMES NOW the Plaintiff, Gustavo Romanello, who hereby submit his response to Defendant's Motion to Dismiss and state as follows:

INTRODUCTION

1. On March 21, 2014 Plaintiff filed a lawsuit for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. sec. 1681 et seq. against Defendant.
2. After requesting a Motion for extension of time to answer, Defendant BankUnited, N.A. (BU) filed on May 19, 2014 a Motion to Dismiss for failure to state a claim upon which relief can be granted.
3. On June 11, 2014 Plaintiff timely files this response to Defendant's Motion to Dismiss.

ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief", in order to "give the defendant notice of what the...claim is and the grounds upon which it rests", Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

" A complaint attacked by rule 12(b)(6) motion to dismiss does not need detailed factual allegations" Id. At 555.

" We do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face" Id. At 570.

A Plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Ashcroft v. Iqbal, 129 W. Ct. 1937, 1950 (2009).

When considering defendants motions, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff. In Re Stac Electr. Sec. Litig., 89 F.3d 1399, 1403 (9th cir. 1996); Jones v. General Electric Co., 87 F.3d 209, 211 (7th cir. 1996)

All of Defendant's exhibits have nothing to do with impermissible purpose credit pulls, those cases did not even get to the discovery face of the lawsuits, they were dismissed for lacking signatures, having incorrect summons' and for failure of all Plaintiffs to appear at Magistrate Judges scheduled hearings. Plaintiff makes inferences or allegations of BU impermissible credit pulls, as it is difficult to understand how a consumer is supposed to know why another person or entity obtained the credit reports during foreclosure litigation and not in the previous year.

In this instant case, Plaintiff alleges violations of the FCRA sec. 1681(b) in that defendant started pulling the credit reports without permissible purposes at the commencement of their foreclosure procedure and on forward starting on February 2011, and according to sec. 1681p they were done within (5)five years previous of the start of the lawsuit, and discovery

of the violations by Plaintiff were within (2) two years previous from the start of the lawsuit.

BankUnited admitted in their answer that they pulled Plaintiff credit reports during the foreclosure litigation.

Litigation between two parties is not considered itself a business endeavor with a permissible purpose to acquire credit reports, see Bakker v. McKinnan 152 F.3d 1007 (8th cir. 1998); Duncan v. Handmaker, 149 F.3d 424 (6th cir. 2008); Comeaux v. Brown & Williamson Tobacco Co. 915 F.2d 1264 (9th cir. 1990)

Plaintiff discovered another violation while preparing the response to the Motion to dismiss, this time, when Defendant BU obtained Plaintiff's credit report AFTER his loan account had been discharged in his bankruptcy as of August 3, 2009, thus creating another violation.

In light of the Plaintiff's Pro Se status, the Court must hold him to a less stringent standard than formal pleadings drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).

In this case Plaintiff have stated facts that would indicate that there is enough reason to pursue the production of further evidence through Discovery that would justify Plaintiff's claim of Defendant having several violations of the law.

Plaintiff makes a request at the present time in this answer to Motion to dismiss, that if the Court found some deficiencies, that he be given leave of court to file an amended pleading and include the new finding, allowing his cause of action to go forward on the merits.

WHEEREFORE, Plaintiff respectfully request that this Honorable Court deny Defendant's Motion to dismiss and to grant him leave to amend his complaint to correct any deficiencies so justice may properly be served.

Respectfully submitted
Gustavo Romanello        *Gustavo E Romanello*

5317 Cottage Bluff Ln.

Knightdale, NC 27545

tangogaucho@gmail.com

919-649-4494

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on June 11, 2014 a copy of the foregoing Plaintiff's response to Defendant's Motion to dismiss was served upon parties to this action as follows:

Sean T. Partrick

YATES, McLAMB & WEYHER, LLP

421 Fayetteville St., ste. 1200

Raleigh, NC 27601

Counsel for BankUnited, N.A.

This June 11, 2014

Gustavo Romanello      _/s/ Gustavo Romanello_

5317 Cottage Bluff Ln.

Knightdale, NC 27545

tangogaucho@gmail.com

919-649-4494