UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | | |
|---|---|---|
| Gustavo Romanello | ) | |
| | ) | |
| Vs. | ) | Case No. 5:14 cv 178-H |
| | ) | PROPOSED AMENDED |
| BankUnited, N.A. | ) | COMPLAINT |
| | | JURY TRIAL DEMANDED |

TO HE HONORABLE UNITED STATES DISTRICT JUDGE:

NATURE OF THE ACTION

1. This is an action for statutory damages brought by Gustavo Romanello

2. (hereinafter "Plaintiff") against BankUnited, N.A. (hereinafter "BU"), for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. sec. 1681 et seq.

3. The jurisdiction of this court is conferred by 15 U.S.C. sec. 1681p of the FCRA and 28 U.S.C. sec. 1331, and venue is proper in the Eastern District of North Carolina.

4. Plaintiff is resident of Knightdale in Wake County, North Carolina.

5. Upon information and belief BU is a banking corporation with address at 7815 NW 148 St., Miami Lakes, FL 33016.

FACTUAL ALLEGATIONS

6. Plaintiff repeats and reallege each and every allegation stated above.

7. Plaintiff was involved in foreclosure litigation with Defendant BU in the Wake county Superior Court starting February 8, 2011. See Exh. A
8. A week later BU started to acquire Plaintiff's consumer credit reports while on litigation, from the three credit report agencies, without a permissible purpose, a violation of 15 U.S.C. sec. 1681b.
9. Another clear violation was when Defendant obtained a credit report on August 2009 after Plaintiff's bankruptcy, see Exh. B
10. After August 2009 Defendant never obtained another credit report up until the foreclosure litigation.
11. Plaintiff sent a letter to credit reporting agency Experian on February 2012 to dispute many entries he saw in his June 28, 2011 report. See Exh. C
12. On March 23, 2012 Plaintiff received the reinvestigation response from Experian and discovered the violations by BU in having the inquiries deleted. See Exh. D
13. Deletion of inquiries are due to impermissible purposes to acquire them.
14. The consumer credit reports deleted were from 2/18/2011 by Credco on behalf of BankUnited and 3/18/2011 by Credco/BankUnited.
15. They were done while on litigation, during foreclosure proceedings against Plaintiff's home.
16. Subsequent credit reports showed Plaintiff that BU continued acquiring his credit reports without a permissible purpose afterwards.
17. BU obtained from Experian the 9/21/2011, 4/11/2012 and the 10/9/2012 reports without a permissible purpose, see Exh. E
18. Plaintiff also realized that BU acquired his credit reports on the same day fo 2/18/2011 from credit reporting agencies Equifax, Experian and TransUnion, see Exh. C, F and G
19. Discovery of Defendants violations brought forth herein occurred on March 23, 2012 and is within the two years statute of limitations, and the inquiries were done within the five years previous to the start of this action on March 21, 2014 pursuant to 15 U.S.C. sec. 1681p.

## CLAIM FOR RELIEF
## VIOLATIONS OF THE FCRA 15 U.S.C. sec. 1681 b&q. –WILLFUL NON COMPLIANCE BY DEFENDANT BANKUNITED, N.A.

20. Plaintiff repeats and reallege above paragraphs incorporated herein.
21. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. sec. 1681a(c)
22. Equifax, Experian and TransUnion are credit reporting agencies within the meaning of the FCRA 15 U.S.C. sec. 1681a(f)
23. BU is a furnisher of information within the meaning of the FCRA 15 U.S.C. sec. 1681s-2
24. Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. sec. 1681a(d)
25. The FCRA, 15 U.S.C. sec. 1681b defines the permissible purpose for which a person of entity may obtain a consumer credit report.
26. Such purposes are generally, if the consumer makes an application for credit, makes an application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.
27. Obtaining the consumer credit report of Plaintiff under false pretenses, with no permissible purpose and while on litigation is a willful violation by BU of the FCRA 15 U.S.C. sec. 1681b and q, is an egregious violation of Plaintiff's right to privacy and can be fined with up to two years in jail.

WHEREFORE, Plaintiff demands judgment for statutory damages against BU of $1,000 per violation, and punitive damages, attorney fees and costs pursuant to 15 U.S.C. sec. 1681n.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

This June 20, 2014

Respectfully submitted,

Gustavo Romanello  *[signature]*

5317 Cottage Bluff Ln.

Knightdale, NC 27545

tangogaucho@gmail.com

919-649-4494

CERTIFICATE OF SERVICE

The undersigned certifies that on June 20, 2014 a copy of the foregoing Plaintiff's amended complaint was served upon all parties to this action as follows:

Sean T. Partrick

YATES MCLAMB WEYHER, LLP

421 Fayetteville St., ste. 1200

Raleigh, NC 27545

Counsel for BankUnited, N.A.

This June 20, 2014

*[signature]*