IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:14-CV-00178-H

| | |
|---|---|
| GUSTAVO ROMANELLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT BANKUNITED, N.A.'S** |
| vs. ) | **RESPONSE IN OPPOSITION TO** |
| ) | **PLAINTIFF'S MOTION TO FILE** |
| BANKUNITED, N.A. ) | **AMENDED COMPLAINT** |
| ) | |
| Defendant, ) | |
| ) | |

Defendant BankUnited, NA ("BankUnited") submits this Response in opposition to the Plaintiff's Motion for Leave to File Amended Complaint (the "Motion to Amend") filed on June 20, 2014.

## STATEMENT OF THE CASE AND STATEMENT OF THE FACTS

Plaintiff Gustavo Romanello, acting *pro se*, commenced this civil action by filing a complaint (the "Complaint") on March 27, 2014 in the United States District Court, Eastern District of North Carolina, Western Division. In his Complaint, Mr. Romanello asserted a single claim for an alleged violation of 15 U.S.C. § 1681b of the Fair Credit Reporting Act ("FCRA"). Mr. Romanello further alleged willful non-compliance under section 1681n of the FCRA against BankUnited.

On May 19, 2014, BankUnited filed a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, on the grounds that Mr. Romanello and BankUnited were in an ongoing debtor/creditor relationship, and therefore, BankUnited was authorized under section 1681b of the FCRA to obtain his credit reports in order to review his account.

On June 20, 2014, Mr. Romanello filed the instant Motion to Amend, seeking to add allegations to the Complaint that BankUnited also violated the FCRA by obtaining his credit report after Mr. Romanello had received a bankruptcy discharge. BankUnited opposes the Motion to Amend, as any attempt to amend the Complaint would be futile.

## STANDARD OF REVIEW

Although leave to amend should be "freely give[n] when justice so requires," Fed.R.Civ.P. 15(a)(2), a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse "to grant the leave without any justifying reason." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. *See Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006). Amendment is futile "when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Frank M. McDermott, Ltd. v. Moretz,* 898 F.2d 418, 420-21 (4th Cir.1990).

## ARGUMENT

**A. Any attempt to amend the complaint would be futile, because the proposed amendments do not change the fact that Mr. Romanello had an active account with BankUnited, and therefore BankUnited had a permissible purpose for obtaining his credit report under the FCRA.**

In his Motion to Amend, Mr. Romanello requests permission to amend his Complaint because he "recently discovered another violation fo the FCRA by Defendant BU in that they acquired his credit report a few weeks after his bankruptcy discharge of all his accounts in a chapter 7 bankruptcy in August 2009." (*See* Motion to Amend, p. 2). Mr. Romanello misunderstands how the bankruptcy discharge affects a mortgage account.

As explained in greater detail in BankUnited's Reply in Support of its Motion to Dismiss (the "Reply") filed on June 26, 2014, while a debtor's *personal obligation* on a mortgage note may be discharged in bankruptcy, the mortgage lien nevertheless survives the bankruptcy, continuing to secure the creditor's right to ongoing payments by the debtor, as **long as the debtor retains the property**. *See, e.g., In re Inge,* 158 B.R. 326, 328 (Bankr. E.D.N.Y. 1993) (mortgage lien survives a discharge); *In re Endlich,* 47 B.R. 802, 805 (Bankr. E.D.N.Y. 1985) ("A discharge affects and voids only the personal liability of a debtor with respect to a debt. However, a valid lien... survives the bankruptcy unaltered.").

In this case, while Mr. Romanello's bankruptcy discharge may have relieved him of his personal obligation to pay any deficiency balance on the loan with BankUnited, it did not relieve him of his obligation to make ongoing payments in order to maintain possession of and to avoid foreclosure on the home he continued to occupy. *See*, Exhibit A, Order for Possession of Real Property. Because Mr. Romanello did not surrender the house in his bankruptcy[1], his continued possession and occupancy of the home at issue established an ongoing credit obligation by Mr. Romanello to maintain his mortgage payments to BankUnited. Thus, until the foreclosure proceedings concluded and the debt was paid by the sale of the collateral, Mr. Romanello had an ongoing credit transaction and an active account with BankUnited.

BankUnited was therefore authorized to obtain his credit information during the dates alleged by Mr. Romanello in order to review his account. Indeed, section 1681b of the FCRA lists a variety of "permissible purposes" for obtaining a credit report, which specifically includes using the information in connection with a credit transaction involving the consumer and involving the review or collection of an account of the consumer, as well as reviewing an

---

[1] Mr. Romanello surrendered two other houses in his bankruptcy, but not his primary residence in Raleigh, NC, for which BankUnited is listed as the secured creditor. *See*, Exhibit B, Bankruptcy Petition & Schedules, Schedules A & D.

account to determine whether the consumer continues to meet the terms of the account. 15 U.S.C § 1681b(a)(3)(A); § 1681b(a)(3)(F)(ii). BankUnited's activities fall squarely within this definition of permissible purpose, and thus, the Compliant as amended would nevertheless fail to establish any violation under the FCRA.

Furthermore, to the extent Mr. Romanello also suggests that BankUnited may have violated the bankruptcy discharge by obtaining his credit report or collecting on his account after his discharge, such an argument fails as a matter of law. In fact, Section 524(j) of the Bankruptcy Code expressly provides an exception to the discharge injunction for creditors like BankUnited who hold claims secured by a debtor's principal residence. Specifically,

> Subsection (a)(2) does not operate as an injunction against an act by a creditor that is the holder of a secured claim, if—
>
> (1) such creditor retains a security interest in real property that is the principal residence of the debtor;
> (2) such act is in the ordinary course of business between the creditor and the debtor; and
> (3) such act is limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien.

11 U.S.C. § 524(j). Thus, as a matter of law, BankUnited did not violate the bankruptcy discharge by seeking and obtaining periodic payments from Mr. Romanello in the ordinary course of business in lieu of pursuing foreclosure to enforce its valid lien on his home. Indeed, this provision of the Bankruptcy Code only provides further support for the ongoing creditor/debtor relationship between Mr. Romanello and BankUnited during the relevant times in the Complaint.

Accordingly, because the proposed amendments to his Complaint are still not sufficient to survive a motion to dismiss, allowing such amendments would be futile.

## CONCLUSION

For the reasons stated above, and for the reasons outlined in BankUnited's Reply in support of its Motion to Dismiss, BankUnited respectfully requests that the Court deny Mr. Romanello's Motion to Amend, as any proposed amendments would be futile.

This the 27th day of June, 2014

**YATES, MCLAMB & WEYHER, LLP**

/s/Sean T. Partrick
SEAN T. PARTRICK
North Carolina State Bar No.: 25176
e-mail: spartrick@ymwlaw.com
Allison J. Becker
North Carolina State Bar No.: 41993
abecker@ymwlaw.com
*Attorneys for Defendant*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:14-CV-00178-H

| | |
|---|---|
| GUSTAVO ROMANELLO, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| BANKUNITED, N.A. | ) |
| | ) |
| Defendant, | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: and I hereby certify that I have mailed the document to the following non CM/ECF Participants:

Gustavo Romanello
5317 Cottage Bluff Lane
Knightdale, NC 27545
*Plaintiff Pro Se*

This the 27th day of June, 2014

**YATES, MCLAMB & WEYHER, LLP**

/s/Sean T. Partrick
SEAN T. PARTRICK
North Carolina State Bar No.: 25176
e-mail: spartrick@ymwlaw.com
Allison J. Becker
abecker@ymwlaw.com
North Carolina State Bar No.: 41993
*Attorneys for Defendant*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910